UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL M. DWYER, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Civil No. 09-379-B-W |
| | ) |
| MAINE, STATE OF, | ) |
| | ) |
|     Respondent | ) |

**ORDER FOR THE STATE TO PROVIDE ADDITIONAL BRIEFING ON DANIEL DWYER'S 28 U.S.C. § 2254 PETITION**

Daniel Dwyer has filed a 28 U.S.C. § 2254 petition alleging a multi-layered ineffective assistance of counsel ground. According to the State of Maine these grounds were fully adjudicated in Dwyer's state post-conviction proceeding.

Other than reciting the procedural history of Dwyer's state court's efforts at vindication and submitting the state-court record, the entirety of the State's defense of this conviction rests on these two paragraphs of its answer to the petition:

> B. **Application of Standards to Grounds Alleged**.
>
>     In his section 2254 petition, Petitioner Dwyer has alleged the same grounds of ineffective assistance of counsel he unsuccessfully raised in the state Superior Court and in the Maine Law Court. The law set forth in Strickland v. Washington, 466 U.S. 668 (1984), constitutes "clearly established federal law" within the meaning of 28 U.S.C. § 2254(d)(1). The attached state court record – especially the postconviction evidentiary hearing transcript -- establishes that the state Superior Court's denial of Dwyer's amended petition for postconviction review, and the Maine Law Court's subsequent affirmation of that denial, were not contrary to, nor unreasonable applications of Strickland.
>     The state Superior Court, in a comprehensive well-reasoned decision, found as presumptively correct facts that Dwyer had failed to prove that: trial counsel's pretrial investigation and impeachment of witnesses; his cross-examination of the victim; his failure to seek to exclude evidence of Dwyer supplying a minor witness with alcohol; and his failure to seek limiting instructions were inadequate. The court also found that trial counsel made reasonable strategic decisions regarding these issues.

1

(Sec.2254 Answer at 5-6.)

Dwyer has filed a motion to supplement his 28 U.S.C. § 2254 petition. This supplementation is necessary, in his view, to support his Sixth Amendment claim. (Mot. Submit Additional Documents at 1, Doc. No. 10.) In response to this motion I directed Dwyer to submit the proposed supplemental documents with an explanation of their relevance and gave the State of Maine an opportunity to object to the supplementation request. (Doc. No. 11.) Dwyer submitted the documentation of instant messages between himself and Siobhan R., a witness at his trial, messages he thinks are highly relevant to his ineffective assistance claim(s). (Doc. Nos. 12, 12-2, 12-3. 12-4, 12-5.) The State has responded with the following objection: "Petitioner, who represented himself at the state postconviction review evidentiary hearing, did not offer these documents during the hearing. Indeed, when Petitioner mentioned the Instant Messages during his closing argument, Superior Court Justice Warren told him that the messages were not in evidence. (Evid. Hearing Transcript at 200)." (Obj. Mot. Suppl. at 1.)

The assistant attorney general has not done anything to put these instant messages into meaningful context for the court. Dwyer explains their significance in his reply to the State's Answer. The portion of the evidentiary hearing from the state post-conviction transcript cited by the respondent confirms that Dwyer raised the issue of the instant messages in closing argument and that the messages themselves had apparently never been formally admitted into evidence. However, reading the messages in conjunction with the post-conviction order it appears that the information about Siobhan leaving her deodorant and lotion at Dwyer's house has its genesis in these instant messages. Apparently Dwyer's trial counsel had used that information in his cross-examination of Siobhan. Furthermore, Dwyer's post-conviction attorney advisor referenced an offer of proof regarding the instant messages. (Evid. Hearing Tr. at 207.) So, it is not at all

2

clear to me that these instant messages should be excluded from this proceeding.  The State has not given the court even the slightest hint as to the significance (or not) of the other supplemental document, a copy of an order dismissing a protection complaint brought by Dwyer against Steven Narbonne in 2003.  Narbonne apparently is the stepfather of the underage victim in this case, an acquaintance of Dwyer's, and a witness at trial.  Dwyer says he brought this order and another like it to his defense counsel's attention prior to trial as evidence of Narbonne's unstable nature.

This Court will not grant a petition for habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the Maine court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d) (1), (2).  The Maine courts' factual findings "shall be presumed to be correct" and Dwyer bears the burden of disproving these factual findings by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  See also O'Laughlin v. O'Brien, 568 F.3d 287, 298 (1st Cir. 2009); McCambridge v. Hall, 303 F.3d 24, 34-35 (1st Cir. 2002).

One of the two questions the Supreme Court granted review on in the Wood v. Allen petition for writ of certiorari  is:  "Whether the rule followed by some circuits, including the majority in this case, abdicates the court's judicial review function under the Antiterrorism and Effective Death Penalty Act by failing to determine whether a state court decision was unreasonable in light of the entire state court record and instead focusing solely on whether there is clear and convincing evidence in that record to rebut certain subsidiary factual findings?"  Wood v. Allen, Petition for Writ of Certiorari,  2009 WL 1370171, *1 (Mar. 12, 2009); see also

Wood v. Allen, 542 F.3d 1281 (11th Cir. 2008); Wood v. Allen, 465 F.Supp.2d 1211, 1222 (M.D. Ala. 2006).

In view of the pending question in the United States Supreme Court in Wood v. Allen, 129 S.Ct. 2389 (2009), and in light of the State's objection to the motion to supplement (and its perfunctory, conclusory substantive response in its answer to this petition) – and without making an assessment of the ultimate evidentiary value of Dwyer's proposed supplementation – I now order the State to brief the question how this court should consider this proposed supplementation in view of the § 2254(d) and (e) issues raised by Wood. I am troubled that the brief substantive response filed by the State simply asserts in conclusory fashion that Dwyer has failed to disprove the facts found by the post-conviction justice, without any discussion at all about the factual predicates underlying Dwyer's contentions relating to his multi-faceted ineffective assistance claim.

With regards to the substance of this petition, Dwyer's Sixth Amendment claim as set forth in his original § 2254 motion contained numerous sub-parts while providing no factual background at all. Having now had the benefit of Dwyer's reply, I alert the State that I take the grounds alleged in the original petition and conclude that they apply to the following factual predicates: (1) counsel's failure to properly present the evidence surrounding Steve Narbonne, including, but not necessarily limited to, his failure to investigate leads that would have discredited Narbonne, such as Jeff Ham and Wayne Williams, Dwyer's need to seek a protection complaint vis-à-vis Narbonne in 2003, Dwyer's report to the I.R.S., and Narbonne's conduct the night before the sexual assault, i.e. drinking at Dwyer's house; (2) counsel's failures associated with Siobhan R., including, but not necessarily limited to, his failure to properly make use of the instant messages, his failure to exclude evidence that Dwyer had furnished alcohol to underage

4

young women, his failure to develop evidence about the "truth" of what Siobhan believed about the sexual assault, his failure to properly confine his cross-examination of Siobhan, counsel's failure to seek a limiting instruction after the prosecutor brought up the alcohol on re-direct examination of Siobhan, and counsel's failure to properly develop how Theresa and Siobhan really felt about Dwyer; (3) counsel's failure to call Officer Millett as a witness; (4) trial counsel's failure to move for new trial within 10 days; and, finally, (5) counsel's errors at the time of sentencing which resulted in violation of Dwyer's Fifth Amendment rights, according to him.

I will not rule on Dwyer's motion to supplement or the State's objection until the State responds to this order. If, after reviewing the record, the State decides to withdraw its objection to this court's consideration of the supplemental materials, I hope that in its response it will provide the court with a more concrete explanation of why the state courts' Strickland evidentiary determinations and analysis survive § 2254 review. The State has until November 30, 2009, to comply with this order. Dwyer may respond to any further briefing offered by the State, provided that he does so by December 15, 2009.

*So ordered.*

November 2, 2009              /s/ Margaret J. Kravchuk
                              U.S. Magistrate Judge